NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCIA WILSON, | No. 17-16264 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00418-BMK |
| v. | |
| STATE OF HAWAII; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Barry M. Kurren, Magistrate Judge, Presiding**

Submitted January 16, 2018***

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Marcia Wilson appeals pro se from the district court's summary judgment in

her employment action alleging violations of Title VII.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo.  *Bradley v. Harcourt, Brace & Co.*, 104

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\*\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 267, 269 (9th Cir. 1996).  We affirm.

The district court properly granted summary judgment on Wilson's Title VII retaliation claim related to her suspension in October 2012 because Wilson failed to raise a genuine dispute of material fact as to whether there was a causal connection between any alleged protected activity and the alleged adverse employment action.  *See Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1140-41 (9th Cir. 2001) (setting forth prima facie case of retaliation under Title VII).

The district court properly granted summary judgment on Wilson's Title VII retaliation claim related to the termination of her employment because Wilson failed to raise a genuine dispute of material fact as to whether defendants' legitimate, non-discriminatory reasons for their actions were pretextual.  *See id.* (explaining application of burden-shifting to Title VII retaliation claims); *Bradley*, 104 F.3d at 270 (to avoid summary judgment, a plaintiff must "produce specific, substantial evidence of pretext" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Wilson's Title VII discrimination claim related to the termination of her employment because Wilson failed to raise a genuine dispute of material fact as to whether similarly situated

17-16264

employees not of her protected class were treated more favorably.  *See Bergene*, 272 F.3d at 1140 (elements of prima facie case of discrimination under Title VII).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**